UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-14117-CIV-ROSENBERG/MAYNARD

JAMES BUHS,

    Petitioner,

v.

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## SUPPLEMENTAL REPORT RECOMMENDING THAT PETITION FOR WRIT OF HABEAS CORPUS UNDER § 2254 BE GRANTED

James Buhs ("Buhs" or "Petitioner") is a Florida inmate seeking a writ of *habeas corpus* under 28 U.S.C. § 2254 ("§ 2254 Petition"). DE 8. Buhs challenges his 2010 state court (Martin County, Florida) conviction for morphine trafficking, being a felon in possession of firearms, and the unlawful sale of fireworks. Buhs pled guilty to these charges and was sentenced to 25 years in prison. He raises one claim of ineffective assistance of counsel ("IAC") based on his counsel's alleged failure to inform him of an available prescription defense to the morphine trafficking charge.

On January 12, 2021, consistent with the Eleventh Circuit opinion of *Buhs v. Sec'y, Fla. Dept. of Corrections*, 809 Fed. Appx. 619, 621 (11th Cir. 2020), I held an evidentiary hearing at which testimony and exhibits relevant to Buhs' claim were received. DE 61. At my request, the parties filed post-hearing supplemental briefing. DE 64, DE 66, DE 67.

On May 24, 2022, I issued a comprehensive Report and Recommendation that provides the background of the case, including summaries of the Eleventh Circuit's opinion and the

evidence presented at the evidentiary hearing; the standard of review; and a *de novo* analysis of Buhs' IAC claim consistent with applicable law and the Eleventh Circuit's opinion. DE 69. For the reasons set forth in this report, I respectfully recommended that the § 2254 Petition be granted.

Both parties filed objections to my pending report. DE 70, DE 71. In their respective objections, neither party challenges my recommendation that habeas relief be granted. Instead, the parties raise the issue of the appropriate remedy.

On July 26, 2022, Presiding U.S. District Judge Rosenberg issued the following:

PAPERLESS ORDER referring for Clarification the issue raised by Respondent in its Objections to the [DE] 69 REPORT RECOMMENDING THAT PETITION FOR WRIT OF HABEAS CORPUS UNDER § 2254 BE GRANTED. Magistrate Judge Maynard shall clarify whether, based on Respondent's objections, relief is to be granted to Petitioner as to the conviction for morphine trafficking only and not as to the convictions for felon in possession of firearms and the unlawful sale of fireworks. In addition, Magistrate Judge Maynard shall clarify precisely what relief is recommended, in light of the clarification.

DE 72. The same day, I issued a Paperless Order requiring counsel to confer in good faith on the two points of clarification identified in Judge Rosenberg's Order and to file a joint statement with their respective positions on each point. DE 73.

On July 28, 2022, the parties filed a Joint Supplemental Statement stating:

Petitioner James Buhs was convicted, in pertinent part, of possession of a firearm or ammunition by a convicted felon (count 1), trafficking in morphine or opium in an amount of 28 grams or more (count 2), and illegal sale of fireworks (count 4), in Case Number 43-2009-CF-000927-A of the Circuit Court of the Nineteenth Judicial Circuit, in and for Martin County, Florida.

Petitioner and Respondent jointly agree that, for the reasons already stated in Respondent's Objections of June 6, 2022, (DE#70): 1) this Court should grant federal habeas relief as to count 2 only, the charge of trafficking in morphine or opium in an amount of twenty-eight grams or more, and 2) this Court should order the state trial court to permit Petitioner to withdraw his plea as to count 2 only and to vacate the judgment and sentence as to count 2 only.

DE 74.

I agree with the parties' joint statement. "Sixth Amendment remedies should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests." *Lafler v. Cooper*, 566 U.S. 156, 170 (2012) (citing *U.S. v. Morrison*, 449 U.S. 361, 364 (1981)). Thus, a remedy must "neutralize the taint of a constitutional violation, ... while at the same time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." *Lafler*, 566 U.S. at 170 (internal quotation marks and citations omitted). The federal court's decision should leave open to the state trial court how best to exercise its discretion in all the circumstances of the case. *See id.* at 175 (concluding that appropriate remedy for federal habeas petitioner's success on claim of ineffective assistance of counsel based upon counsel's deficient advice during plea negotiations was for the federal court to order the State to reoffer the plea agreement, and then permit the state trial court to exercise its discretion).

## SUPPLEMENTAL RECOMMENDATION

I incorporate by reference my prior Report and Recommendation, DE 69, and its recommended finding that Buhs is entitled to habeas relief such that his pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should be **GRANTED**. I now supplement my prior Report with the following two points of clarification:

(1) Federal habeas relief should be granted **AS TO COUNT 2 ONLY**, the charge of trafficking in morphine or opium in an amount of twenty-eight grams or more. Petitioner's other state convictions should remain undisturbed.

(2)     A Writ of Habeas Corpus should issue with a directive from this Court to the state court to permit Petitioner, James Buhs, to withdraw his plea **AS TO COUNT 2 ONLY** and to vacate the judgment and sentence **AS TO COUNT 2 ONLY**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Supplemental Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within FOURTEEN (14) DAYS of being served with a copy of this Supplemental Report and Recommendation.  Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). **Conversely, if counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE (5) DAYS of this Supplemental Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 29th of July, 2022.

_____
SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE